■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY PREM DAS, Appellant.—Appeal by defendant, as limited by his motion, from an amended sentence of the County Court, Nassau County, imposed September 12, 1978. Amended sentence affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Lazer, J. P., Rabin, Gulotta and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SCHRODER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 17, 1977, convicting him of attempted burglary in the third degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress his statements. Judgment reversed, on the law, motion to suppress granted, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. The sole issue is whether the trial court's denial of defendant's motion to suppress his statements was correct. The facts relevant to that issue are simple and essentially undisputed. At the suppression hearing the sole witness for the People was the arresting officer. He testified that he took the defendant into custody at the scene of the alleged attempted burglary, placed him under arrest and advised him of his rights. The officer testified, with regard to the advising of the rights, that he read them to the defendant from a police department form which contained the customary *Miranda* warnings. He testified that after the reading of each right he asked the defendant if he understood that right and the defendant answered that he did. He further testified that the form concluded with the question: "Now that I have advised you of your rights, do you wish to answer any questions without an attorney present?" The officer testified that in response to this question the defendant "did not reply". Thereupon the officer commenced to question the defendant about the commission of the crime and elicited certain inculpatory statements. The defendant's silence in response to the inquiry as to whether he wished to answer questions without an attorney present cannot be deemed to constitute a valid waiver of his right to remain silent, or a consent to be questioned. "An express statement that the individual is willing to make a statement and does not want an attorney followed closely by a statement could constitute a waiver. But a valid waiver will not be presumed simply from the silence of the accused after warnings are given or simply from the fact that a confession was in fact eventually obtained" *(Miranda v Arizona,* 384 US 436, 475). Under the circumstances herein present, in the absence of a valid waiver of the defendant's constitutional right to have an attorney present during the interrogation, the motion to suppress should have been granted. Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.