■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN VIGLIOTTI, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered May 17, 1978, convicting him of burglary in the third degree and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence. The appeal also brings up for review the denial of defendant's motion to suppress certain statements. Judgment reversed, on the law, motion to suppress granted only as to statements made by the defendant in the station house in response to police questioning, and new trial ordered. The record indicates that defendant was informed of his *Miranda* rights *(Miranda v Arizona,* 384 US 436) both at the time of his arrest, and subsequently, at the police station, and indicated, on each occasion, that he understood those rights. There is nothing in the record, however, to indicate that defendant waived his rights, either by express statement *(People v Schroder,* 71 AD2d 907), or by conduct *(North Carolina v Butler,* 441 US 369). Accordingly, the trial court should have suppressed statements made by the defendant in the station house in

response to police questioning. Furthermore, although the evidence of defendant's guilt was persuasive, it cannot be said that the error in admitting the testimony was harmless beyond a reasonable doubt (People v Crimmins, 36 NY2d 230). Accordingly, reversal is required. There is no merit to defendant's suggestion that a statement made by him while in the patrol car, which was volunteered, should also be suppressed. Nor can we agree with defendant that his trial counsel was ineffective, or that the proof offered at trial was insufficient to convict him. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.