■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRENTISS HARRIS, Also Known as PRENTICE HARRIS, Appellant.—Appeals by defendant from two judgments of the Supreme Court, Kings County, both rendered May 18, 1979, convicting him of two counts of robbery in the first degree, upon his pleas of guilty, and imposing sentences. The appeals bring up for review (1) the denial, after a hearing, of defendant's motion to suppress inculpatory statements made by him and (2) the denial, without a hearing, of defendant's motions to vacate his pleas. Judgments affirmed. Defendant pleaded guilty to two counts of robbery in the first degree in satisfaction of two unrelated indictments. With respect to his conviction under Indictment No. 3084/78, defendant contends that Criminal Term erred in declining to supress inculpatory statements made by him in response to questions by a police officer following his arrest. In this regard, defendant first contends that the preinterrogation warnings received by him were constitutionally defective in that, while they included a statement that defendant had "a right to an attorney", they did not include an express statement to the effect that defendant had a right to representation by an attorney prior to and during questioning. (See *People v Newson,* 68 AD2d 377.) However, as defendant concedes, this claim was not raised at the suppression hearing, when the People would have had an opportunity to meet it. Accordingly, it has not been preserved for review as a question of law. (See *People v Tutt,* 38 NY2d 1011.) Moreover, on the facts and circumstances of this case,

in which it appears that there is overwhelming admissible evidence of defendant's guilt wholly apart from defendant's inculpatory statements, we decline to review defendant's claim pursuant to CPL 470.15. Defendant also contends that his statements should have been suppressed because it was not established beyond a reasonable doubt that he knowingly and voluntarily waived his constitutional rights when he responded to police questioning. We disagree. In our view, it would be far better if the police were to elicit an express waiver of constitutional rights before questioning one who is in custodial detention. However, a failure to do so does not render responses to questioning inadmissible where, as here, the totality of the circumstances establishes beyond a reasonable doubt that the defendant knowingly and voluntarily waived his rights. (See *North Carolina v Butler,* 441 US 369, 373; *People v Norris,* 75 AD2d 650; *People v Baez,* 79 AD2d 608.) In this case, those circumstances include the defendant's extensive prior contacts with police, his express indication that he understood his constitutional rights and his unhesitant replies to questioning which occurred over a relatively brief period of time. Further, Criminal Term, on the facts and circumstances of this case, did not abuse its discretion in denying, without a hearing, defendant's motions to withdraw his guilty pleas, particularly where defendant's contentions were fully set out in his motion papers, defendant did not assert his innocence, and the plea minutes provided an unequivocal basis for the rejection of defendant's contentions. Moreover, it appears from the record that defendant had requested that his motions be determined without a hearing on the basis of his papers and the remainder of the written record. We have examined defendant's remaining contentions, including those raised in defendant's *pro se* supplemental brief, and have found them to be without merit. Mollen, P. J., Titone, Margett and Weinstein, JJ., concur.