■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DAVIS, Appellant.—Judgment, Supreme Court, Bronx County, rendered on March 19, 1979, affirmed. No opinion. Concur—Kupferman, J. P., Bloom and Yesawich, JJ.

Sandler and Markewich, JJ., dissent in a memorandum by Markewich, J., as follows: The motion for suppression of appellant's inculpatory

statement should have been granted. That statement was permitted to be introduced at the trial and, relating as it did to appellant's disposition of the weapon with which he was said to have committed a robbery, its use over objection cannot be said to have been harmless error. When arrested and handcuffed on the third floor of a building, he was advised of his rights in full compliance with *Miranda v Arizona* (384 US 436); no question is raised⁴ as to a lack of understanding of these warnings. Some minutes later, after his transfer to street level, having remained silent in the interim, he was asked without preamble whether he had had a gun. He answered: "It was a toy; I threw it away". The question we face is whether, there having been no express waiver of his right not to be questioned, his conduct adds up to a waiver. The hearing court regarded this as a close case but decided it in favor of admissibility of the statement. This is not as easy as it seems. To begin with, mere silence in itself is not such a waiver. *(Miranda, supra,* p 475; *North Carolina v Butler,* 441 US 369, 374; *People v Schroder,* 71 AD2d 907.)* Is the "voluntary" answer to the officer's question so to be construed? Viewed as an answer, it is complete and to the point; viewed as a possible waiver, it does not seem to me to be unequivocal, and I have great difficulty in accepting it, in and of itself, in the company of prior silence and in the light of all the circumstances, as being sufficient to sustain the People's burden of proof imposed by *People v Huntley* (15 NY2d 72, 78).