THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVIE MOORE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered February 27, 1980, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of so much of defendant's motion as was to suppress certain statements and identification testimony. Judgment reversed, on the law and the facts, motion to suppress granted as to defendant's statements and the identification testimony of Errol Nichols and Arthur Thelwell and new trial ordered. We find that Sergeant Thomas Anderson was "interrogating" defendant when he arrested him,

placed him in custody and informed him that he had been implicated in the robbery for which his three codefendants had been arrested. Therefore, his statement, made in response to the sergeant's comment, was not spontaneous, and complete *Miranda* warnings were required. (See *People v Rivers,* 56 NY2d 476; *People v Lanahan,* 55 NY2d 711; *People v Lucas,* 53 NY2d 678; *People v Bryant,* 87 AD2d 873, affd 59 NY2d 786.) While Sergeant Anderson informed defendant of his rights, and defendant indicated that he understood them, Anderson did not ask defendant whether he wished to waive those rights and make a statement without the presence of counsel. Accordingly, and under the circumstances of this particular custodial interrogation, defendant did not make a knowing, intelligent and voluntary waiver of his rights, and his first statement must be suppressed. (See *People v Campbell,* 81 AD2d 300; *People v Vigliotti,* 75 AD2d 859; *People v Norris,* 75 AD2d 650; *People v Schroder,* 71 AD2d 907). His second statement, made several hours later, in response to direct questioning by Sergeant Anderson, and not preceded by any *Miranda* warnings, must also be suppressed. (See *People v Chapple,* 38 NY2d 112; *People v Jones,* 87 AD2d 761; *People v Johnson,* 79 AD2d 617; *People v Newson,* 68 AD2d 377.) We find that the circumstances under which Errol Nichols saw defendant in police custody at Kings County Hospital, while not due to any police misconduct, were so inherently suggestive as to undermine the reliability of his subsequent lineup identification of defendant. (See *People v Adams,* 53 NY2d 241; *Green v Loggins,* 614 F2d 219; *Jackson v Fogg,* 589 F2d 108; *United States v Ballard,* 534 F Supp 749.) In light of Nichols' exceedingly brief opportunity to observe the robber at the time of the robbery, and the alcohol and marihuana which he had consumed beforehand, we also find that the People failed to prove by clear and convincing evidence that Nichols had a sufficient opportunity to observe the robber at the time of the crime to allow him to make an in-court identification untainted by the suggestion which influenced his lineup identification of defendant, and he should not have been allowed to identify defendant in court. Accordingly, that identification must be suppressed. (See *People v Rahming,* 26 NY2d 411; *People v Ballott,* 20 NY2d 600.) We find, further, that Arthur Thelwell's explanation for his "mistake" in failing to identify defendant when he first viewed the lineup was incredible, and that his identification of defendant on again viewing the same lineup was directly induced by his intervening conversation with Lorna Allen, in the course of which they compared their choices and she suggested her identification of defendant to him. (See *People v Boyce,* 89 AD2d 623; *People v Fernandez,* 82 AD2d 922; *People v Jackson,* 80 AD2d 904; *People v Harris,* 74 AD2d 879; *People v Torres,* 72 AD2d 754; *People v Leite,* 52 AD2d 895.) While Thelwell had a sufficient opportunity to observe the robber during the robbery, we find, in light of his initial failure to identify defendant at the lineup, that the People failed to prove by clear and convincing evidence that he could make an in-court identification untainted by the suggestion which induced his lineup identification, and he should not have been allowed to identify defendant in court. Accordingly, his lineup identification of defendant should be suppressed. We have considered defendant's other contentions, and find them to be without merit. Mangano, J. P., O'Connor, Weinstein and Bracken, JJ., concur.