■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUDITH BRETTS, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Wood, J.), rendered July 31, 1981, convicting her of criminal possession of marihuana in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements.

Judgment affirmed.

Pursuant to a valid search warrant, over four pounds of marihuana were seized from defendant's home. Prior to being transported to the police precinct, defendant was advised of her rights pursuant to *Miranda v Arizona* (384 US 436), and she indicated that she understood those rights. Subsequently, defendant was again read the *Miranda* warnings at the police precinct. The arresting detective testified at the *Huntley* hearing

that it was not his intent to question defendant at the time, but rather, only to obtain pedigree information while awaiting the arrival of a police matron. After being read the *Miranda* warnings for the second time, defendant indicated that she understood her rights, although she did not expressly indicate that she wished to make a statement. A few moments later, while filling out the pedigree, the arresting detective turned to another detective who was in the process of weighing the marihuana and said "[W]hat have we got there?" Defendant immediately volunteered "[t]he white bag has one pound of sensemilla, and the brown bag has three pounds of sensemilla". The detective then asked defendant what sensemilla marihuana cost, and she replied "I paid a thousand dollars a pound for it". She subsequently stated "I sell it for $75.00 a half-an-ounce". The County Court denied defendant's motion to suppress these statements. We agree.

Initially, we find that the statement made by defendant as to the weight of the marihuana is admissible as a spontaneous statement. There is no reasonable view of the evidence by which it could be said that her statement was triggered by police conduct which should reasonably have been anticipated to evoke the incriminating response (*see, Rhode Island v Innis,* 446 US 291; *People v Howard,* 62 AD2d 179, *affd* 47 NY2d 988).

The statements as to cost and price, while not spontaneous, as they were the result of direct questioning, are nevertheless also admissible as they were made pursuant to a valid waiver of her legal rights. To be valid, a waiver need not be express. Silence, coupled with an understanding of the rights and a course of conduct indicating waiver, is sufficient (*see, North Carolina v Butler,* 441 US 369).

The fact that defendant was twice read the *Miranda* warnings and each time expressly indicated that she understood her rights, the fact that defendant was a second felony offender and thereby familiar with the criminal justice system, and the fact that defendant made a spontaneous statement just minutes after being advised of her rights, when viewed in conjunction, all indicate that a valid waiver had indeed occurred. Defendant's suppression motion was properly denied.

The other contentions raised by defendant have been examined and found to be meritless. Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.