■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE HARRIS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Stark, J.), rendered January 23, 1979, convicting him of murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's motion which sought to suppress oral and written statements.

Judgment affirmed.

With respect to defendant's claim that he did not voluntarily and intelligently waive his *Miranda* rights, we note that an express waiver is not required and the totality of the circumstances must be considered *(see, North Carolina v Butler,* 441 US 369, 373; *People v Davis,* 79 AD2d 547, *affd* 55 NY2d 731; *People v Norris,* 75 AD2d 650). In determining the totality of the circumstances as to whether an alleged waiver is knowing, intelligent and voluntary, the court may consider a defendant's prior involvement with the law *(People v Harris,* 79 AD2d 615) and his express indication that he understands his constitutional rights *(People v Norris, supra).* Here, defendant, who has had extensive prior contact with the criminal justice system, expressly waived his rights. After being read *Miranda* warnings and asked if he understood them, he responded "I don't have to give you any statements. I know I don't have to, but I shot her and I shot her twice and I killed her". He then stated "You caught me in the house. It's my

gun * * * Ain't nobody else did it". Defendant later signed a written statement upon which he wrote the word yes and his initials next to each *Miranda* right and also indicated that he did not want a lawyer during questioning. " '[W]here * * * a defendant in custody has been fully informed of his rights *and has indicated that he understands them,* his subsequent voluntary decision to speak to the police without requesting an attorney *may,* in all but the most unusual circumstances, be held to constitute a valid waiver' " *(People v Campbell,* 81 AD2d 300, 308). The circumstances presented at bar were not "all but the most unusual" and the court's ruling denying suppression was correct.

We further note that defendant engaged in disruptive behavior during the suppression hearing including continuous interruption of witnesses, shouting of obscenities and requests to leave the courtroom. Defendant was warned that a continuation of such conduct would result in his being gagged or removed. The warning was to no avail, as his later behavior included the use of profanity, as well as throwing objects at and threatening the jury and the Judge and throwing a transcript.

Defendant was ordered removed from the courtroom for misconduct following an outburst early in the trial; no objection was taken. He was permitted to listen to the proceedings in a detention area by use of a sound system, and allowed to return to the courtroom on several occasions, each return being conditioned upon a promise to behave, promises which defendant ignored. We find that the trial court did not abuse its sound discretion by removing defendant from the courtroom under circumstances by which he effectively waived his constitutional right to be present *(see, People v Johnson,* 37 NY2d 778; *see also, People v Palermo,* 32 NY2d 222).

We have reviewed defendant's other contentions and find them to be without merit. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.