THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN PINO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered November 1, 1983, convicting him of robbery in the first degree, assault in the second degree and criminal possession of a weapon, upon his plea of guilty, and sentencing him to concurrent indeterminate terms of 2 to 4 years' imprisonment on the robbery conviction and 1 to 3 years' imprisonment on the assault conviction, and a concurrent definite one-year term of imprisonment on the weapon possession conviction, the sentences to run concurrently with a sentence defendant was already serving on an unrelated conviction. The appeal brings up for review the denial (Berkowitz, J.), of those branches of defendant's omnibus motion which were to suppress an in-court identification of him by the complaining witness and a statement made by him to the police.

Judgment affirmed.

The victim identified defendant from a photo array and at a

lineup. Defendant alleges both identifications were suggestive because the photos and the participants resembled defendant rather than the perpetrator described in the police report. The description given in the report is rather general and differs from that of defendant only with respect to height. This argument is one that is properly raised at trial rather than at a *Wade* hearing where the issue is whether the identification procedures were unduly suggestive.

Defendant also contends that his statement should have been suppressed because there was no evidence that he waived his *Miranda* rights. An express waiver is not necessary and a course of conduct indicating waiver coupled with evidence that defendant understood his rights may support a conclusion of waiver *(People v Norris,* 75 AD2d 650). Thus where a defendant indicates he understands his rights, gives an oral statement, and has had prior contacts with the police, this will be sufficient to find that he knew what he was doing and waived his rights *(People v Harris,* 79 AD2d 615; *People v Rooney,* 82 AD2d 840). Here defendant indicated he understood his rights and then discussed the incident with the police officer. Defendant's probation report reveals an extensive criminal record; thus there was no error in finding a waiver and denying the branch of defendant's omnibus motion which was to suppress his statement.

Defendant's contention that his sentence was unduly harsh and excessive is without merit. Mangano, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.