■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS DELGADO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kellam, J.), rendered April 6, 1984, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Calabretta, J.), of that branch of the defendant's omnibus motion which was to suppress a weapon seized from his automobile and his subsequent statement made upon his arrest.

Judgment affirmed.

In resolving the conflicting testimony of the People's and the defendant's witnesses, issues of credibility are for the determination of the hearing court, "and its findings should be upheld unless they are clearly erroneous" *(People v Armstead,* 98 AD2d 726). Here, the court found credible the testimony of

the arresting officer that he observed a passenger in the rear seat of the defendant's parked car kicking a gun under the front seat. The record does not present any reason to disturb that finding, and thus we find the arrest of the vehicle's occupants and seizure of the weapon lawful under the plain view doctrine. "The Fourth Amendment 'protects people from unreasonable government intrusions into their legitimate expectations of privacy' * * * One has no legitimate expectation of privacy in locations in a car which are observable by passersby. Accordingly, an officer's simply peering inside an automobile does not constitute a search and the Fourth Amendment consequently does not limit this activity" *(People v Class,* 63 NY2d 491, 494-495, *revd on other grounds* 475 US —, 106 S Ct 960). In addition, we find that the defendant expressly waived his constitutional right against self-incrimination after the administration of *Miranda* warnings. The defendant's reliance on our decisions in *People v Moore* (96 AD2d 1044) and *People v Campbell* (81 AD2d 300) is misplaced. Here, the arresting officer expressly asked the defendant if he wished to answer questions after reading him his rights and ascertaining that the defendant understood them. Contrary to the defendant's contention, *Moore (supra)* and *Campbell (supra)* do not prescribe any mandated language to be used in eliciting a waiver *(see, People v Campbell, supra,* at p 302). We have considered the defendant's remaining contentions and find them to be without merit. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.