■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS MONTERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered March 21, 1983, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Judgment affirmed.

At approximately 2:00 P.M. on March 14, 1982, Officer Ronald Casey of the New York City Police Department responded to an apartment at 324 Bedford Avenue following a radio run concerning an assault in progress upon a female. Upon arrival at the apartment, Casey discovered the body of Carmen Serrano, whose throat had been slashed. The daughter of the deceased told Casey that her mother's boyfriend had recently been at the apartment, and that she could identify him and knew where he lived. Casey and the deceased's daughter proceeded to the defendant's home. En route, Casey and his partner received another radio run to the effect that a man was "down" at 426 Bedford Avenue. Casey decided to investigate that situation first, and upon arriving at 426 Bedford Avenue discovered the defendant lying on the sidewalk surrounded by a group of people. There was blood on his clothing. When the deceased's daughter identified the defendant as her mother's boyfriend, Casey approached the defendant, picked him up, shook him, and on gaining his attention began to read him the *Miranda* warnings. At the conclusion of the reading of each right, Casey asked the defendant if he understood, and he replied "yes". Finally, Casey asked the defendant if he was willing to answer questions, and the defendant responded "Yeah, I stabbed her". Upon further questioning, the defendant told Casey that the knife was in his back pocket, and Casey retrieved it. The defendant was then arrested, handcuffed, and put in the patrol car. At this point, Casey noticed that the defendant was bleeding and appeared to be seriously hurt. Casey immediately took him to the hospital.

Prior to the trial, the defendant moved to suppress the

statement that he had stabbed the deceased, arguing that since he had been seriously injured at the time that he made the statement, he could not have understood and made a valid waiver of his rights. The hearing court denied the motion on the ground that the defendant had not been in custody when he made the statement. We disagree with this reasoning. Under the circumstances revealed in the record, the defendant was, in fact, in custody when he made the inculpatory statement, "Yeah, I stabbed her", to Officer Casey. The test for determining whether a custodial situation exists is what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position (see, e.g., People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851). In the instant case, the defendant was lying on the sidewalk in a dazed condition, with blood on his clothing. He was picked up from the ground by a police officer who shook him into an alert state, and who immediately, without any preliminary questions or statements whatsoever, proceeded to inform him of his rights. A reasonable man finding himself in such a position would certainly have believed that he was in the custody of the police. The defendant's statement here was the product of custodial questioning.

Nevertheless, the defendant's motion to suppress was properly denied since it further appears from the record of the *Huntley* hearing, which consists solely of Officer Casey's uncontradicted testimony, that the defendant was properly advised of his rights, and knowingly and voluntarily waived those rights. A waiver need not be express. It will be sufficient if it is demonstrated that a defendant understood his rights, and then acted in a way indicating waiver, such as by making an inculpatory statement, as in the instant case (see, e.g., People v Bretts, 111 AD2d 864, 865; North Carolina v Butler, 441 US 369).

We have considered the defendant's other contentions, and find them to be either unpreserved or without merit. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.