■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT J. NOCELLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Sherman, J.), rendered October 30, 1985, convicting him of attempted rape in the first degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to the police.

Ordered that the judgment is affirmed.

The defendant was arrested and subsequently charged with, inter alia, the attempted rape of a 63-year-old woman who co-owned a Lindenhurst tavern which the defendant had frequented for approximately two years prior to his arrest. The record reveals that the defendant was informed of his Miranda rights (Miranda v Arizona, 384 US 436) at the time of his arrest. Thereafter, the defendant was taken to the police station and made certain statements in which he identified as his a knife found in the victim's automobile, where the alleged attempted rape occurred. The defendant's motion to suppress his oral statements was denied. After a nonjury trial the defendant was found guilty of attempted rape in the first degree.

Contrary to the People's contentions, there is nothing in the record which indicates that the defendant either expressly or impliedly waived his Miranda rights (see, People v Bretts, 111 AD2d 864; People v Schroder, 71 AD2d 907; see also, North Carolina v Butler, 441 US 369). Accordingly, the hearing court should have suppressed the statements made by the defendant at the station house in response to police questioning (see, People v Campbell, 81 AD2d 300; People v Vigliotti, 75 AD2d 859; People v Schroder, supra). Nevertheless, on the record before us, we conclude that the admission of these statements

was harmless beyond a reasonable doubt, as the proof of the defendant's guilt was overwhelming *(see, People v Flecha,* 60 NY2d 766, 768; *see also, People v Crimmins,* 36 NY2d 230; *cf., People v Vigliotti, supra).* The record reveals that the victim was acquainted with the defendant, who had frequented her tavern three or four times a week for a period of approximately two years. Moreover, although the defendant testified that he left the tavern alone, two witnesses testified that they observed him leave with the victim in her car. One of these witnesses saw the victim's car, with the defendant in it, turn into the parking lot where the attempted rape took place. There was, furthermore, a stipulation by the parties at trial that another witness, if called to testify, would state that at the time of the incident he heard a woman's scream emanating from the parking lot. In short, a realistic appraisal of the evidence confirms that the admission of the defendant's statements was harmless error since there was no reasonable probability that their suppression would have altered the result of the trial *(see, People v Flecha, supra,* at 768; *People v Sanders,* 56 NY2d 51, 66-67, *rearg denied* 57 NY2d 674; *cf., People v Crampton,* 107 AD2d 998, 999-1000).

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Brown, Neihoff and Kooper, JJ., concur.