■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WINN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered April 4, 1983, convicting him of burglary in the second degree and attempted burglary in the second degree (two counts), upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain oral statements made by him to the police.

Ordered that the judgment is affirmed.

The mere fact that there may exist outstanding charges as to which a defendant's right to counsel has attached will not preclude questioning on a new charge unless the police know or have reason to know that the defendant is actually represented on the outstanding charges *(People v Lucarano,* 61 NY2d 138, 145). Under the circumstances of this case, particularly the defendant's specific denial of any pending matters, the police cannot reasonably be charged with actual or constructive knowledge that the defendant was represented on a pending unrelated charge *(see, People v Bigus,* 106 AD2d 454, 455).

In view of the defendant's prior extensive involvement with the criminal justice system, his express acknowledgment that he understood his constitutional rights, and his written waivers of those rights, the defendant's claim that he did not voluntarily and intelligently waive his *Miranda* rights is entirely devoid of merit *(see, People v Davis,* 55 NY2d 731; *People v Morton,* 116 AD2d 925, 926, *lv denied* 67 NY2d 887;

*People v Harris,* 115 AD2d 619). Niehoff, J. P., Lawrence, Weinstein and Kunzeman, JJ., concur.