◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL HERNANDEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered February 17, 1983, convicting him of robbery in the first degree and assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to suppress his statements made to the police. The defendant's statements to Police Officer Iadeluca were not the result of custodial interrogation. Based upon the defendant's assertion that he had been robbed, Officer Iadeluca reasonably believed that the defendant was the victim rather than the perpetrator of a crime. "In deciding whether a defendant was in custody prior to receiving his warnings, the subjective beliefs of the defendant are not to be the determinative factor. The test is not what the defendant thought, but rather what a reasonable man, innocent of any crime, would have thought had he been in the defendant's position" *(People v Yukl,* 25 NY2d 585, 589, *cert denied* 400 US 851). Under the circumstances of this case a reasonable man, innocent of any crime, would not have thought he was in custody had he been in the defendant's position.

Following his conversations with Iadeluca the defendant agreed to accompany the officer to the police station. The defendant was told that he was not under arrest and was permitted to ride unhandcuffed in the front seat of the patrol car. The fact that the defendant was then interviewed by Detective Pepper in the police station does not necessarily

mean that he was in custody. A reasonable man, innocent of any crime, would have believed that he was free to leave had he been in the defendant's position *(see, People v Torres,* 97 AD2d 802, 804). Upon believing that the defendant was a possible suspect in the crime rather than a victim, Pepper had an interpreter read the defendant his *Miranda* warnings in Spanish. The hearing court found that the defendant was advised of his constitutional rights and executed a knowing and intelligent waiver thereof prior to any custodial interrogation. As the evidence fully supports the court's findings, this court should accord due deference to the hearing court's determination *(see, People v Prochilo,* 41 NY2d 759; *People v Armstead,* 98 AD2d 726).

The evidence, when viewed in a light most favorable to the People was legally sufficient to support the defendant's conviction *(see, People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the defendant's guilt was established beyond a reasonable doubt and that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's contention that criminal facilitation in the fourth degree is a lesser included offense of robbery in the first degree and assault in the first degree where the defendant was charged with acting in concert with another. The phrase "acting in concert" is not an essential element of the crimes charged but rather "concerns the theory of the case as presented to the Grand Jury" *(People v Weissinger,* 104 AD2d 917). Accordingly a comparative examination of the statutes defining criminal facilitation in the fourth degree, robbery in the first degree and assault in the first degree demonstrates that it is theoretically possible to commit the greater crimes without at the same time committing the lesser *(see, People v Glover,* 57 NY2d 61, 64).

We have examined the defendant's remaining contentions including those raised in the defendant's supplemental *pro se* brief and find them to be without merit. Mangano, J. P., Thompson, Bracken and Weinstein, JJ., concur.