■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BRELAND, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Kings County (Broomer, J.), rendered December 15, 1986, convicting him of robbery in the first degree and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his confession to the police.

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress his confession to the police is granted and a new trial is ordered.

The defendant was arrested on August 10, 1985, at approximately 11:15 P.M. for criminal possession of a stolen automobile. After his arrest, he was advised of his *Miranda* rights. He answered affirmatively when he was asked by the arresting officer if he understood each warning. At the conclusion of the warnings, the officer asked him, "now that I have advised you of your rights, are you willing to answer questions?". The defendant gave no response and was not questioned. Subsequently he was transported to the 84th Precinct.

At 10:00 A.M. on the following day, the defendant was in the Police Detective Unit of the 84th Precinct. Without issuing fresh *Miranda* warnings, the arresting officer asked the defendant if he was willing to speak to him. The defendant replied "yes" and proceeded to confess to the robbery in the course of which keys to the stolen vehicle were taken. In a later videotaped statement made after new *Miranda* warnings were given by an Assistant District Attorney, the defendant admitted that he was involved in the robbery "to a extent *[sic]*" but refused to explain the extent. Suppression of the defendant's confession and videotaped statement was denied. After a jury trial the defendant was found guilty of robbery in the first degree and criminal possession of stolen property in the first degree. The defendant challenges the hearing court's ruling only insofar as it denied that branch of his omnibus motion which was to suppress the confession given to the police.

The record indicates that the defendant was informed of his *Miranda* rights and that he understood them. However, there is nothing in the record to indicate that the defendant either expressly or impliedly waived his rights *(see, People v Nocella,* 129 AD2d 653; *People v Vigliotti,* 75 AD2d 859). The defendant's silence in response to the inquiry as to whether he was willing to answer questions without an attorney did not amount to a valid waiver of his right to remain silent, or a

consent to be questioned *(see, Miranda v Arizona,* 384 US 436; *People v Schroder,* 71 AD2d 907).

Without obtaining a waiver, the arresting officer could not thereafter question the defendant about the same suspected crime unless a fresh and adequate set of *Miranda* warnings were given. *(People v Gary,* 31 NY2d 68; *People v Dow,* 129 AD2d 535.)* Accordingly, the hearing court should have suppressed the confession made by the defendant at the precinct in response to police questioning.

On the record before us it cannot be said that the error in admitting the confession to the police was harmless beyond a reasonable doubt *(People v Crimmins,* 36 NY2d 230). Accordingly, reversal is required. Kunzeman, J. P., Kooper and Balletta, JJ., concur.

Weinstein, J., dissents and votes to affirm the judgment appealed from with the following memorandum: In contrast to the views expressed by my colleagues of the majority, I conclude that the hearing court did not commit reversible error in admitting the confession made by the defendant to Officer Goldstein without renewed *Miranda* warnings. A review of the record reveals that the arresting officer properly administered the *Miranda* warnings to the defendant, that the defendant acknowledged his understanding of those rights and that he at no point opted to invoke his right to remain silent *(cf., People v Dow,* 129 AD2d 535). Although he had no further communication with the police at that juncture, the defendant unequivocally confessed to the robbery within 12 hours of his arrest.

It is beyond cavil that when a suspect exercises his or her right to remain silent, the police must scrupulously honor that decision and cease all questioning *(see, People v Kinnard,* 62 NY2d 910, 912). However, that was not the situation which prevailed here. Rather, this defendant, who had remained in continuous police custody from the time of his arrest, was not asked any questions about the robbery until he expressed his willingness to speak with the police. Under the circumstances, there was no need to repeat the *Miranda* warnings prior to subsequent questioning within a reasonable time *(People v Glinsman,* 107 AD2d 710, *lv denied* 64 NY2d 889, *cert denied* 472 US 1021; *see also, People v Starks,* 139 AD2d 681). The fact that there was no interruption of custody effectively eliminated any potential belief on the part of the defendant that he was no longer the focus of a criminal investigation *(see, People v Manley,* 40 AD2d 907). Moreover, the lapse of time between the defendant's arrest and the subject confession

was not per se unreasonable absent any evidence of coercion. Significantly, the defendant, after receiving a second set of *Miranda* warnings, explicitly waived his rights and agreed to make a second statement. In the course of that statement, which was videotaped, the defendant conceded that he had witnessed the robbery and admitted some degree of involvement in it. This course of conduct, viewed in conjunction with the fact that the defendant had numerous prior contacts with the law, supports a finding that notwithstanding his initial silence, the defendant effectively waived his rights *(see, People v Norris,* 75 AD2d 650). While a valid waiver of rights may not be presumed simply from an accused's silence after warnings are rendered *(People v Schroder,* 71 AD2d 907), the defendant's course of conduct in the instant case sufficed, in my view and under the totality of the circumstances, to constitute an implied waiver.

Even proceeding on the majority's premise that the denial of the defendant's motion to suppress his first confession was error, it is my opinion that any such error was harmless given the overwhelming evidence of guilt *(see, People v Crimmins,* 36 NY2d 230, 237). The complainant had an excellent opportunity to observe the defendant under well-illuminated conditions as they waited for an elevator in the apartment house lobby and during the course of the elevator ride. At the conclusion of the elevator ride, the complainant had a face-to-face encounter with the defendant who robbed him of his gold chain, watch, wallet, car keys and clothes at knifepoint. The complainant was able to identify the defendant from a lineup approximately six days after the commission of the robbery. At the time of his arrest, the defendant was driving the motor vehicle which belonged to the complainant. The complainant's keys, registration and insurance card were also recovered at that time. The defendant's attempt to explain his possession of the complainant's property defied credibility and did nothing to undermine the strength of the People's case.

In light of the aforesaid evidence adduced against the defendant as well as his subsequent videotaped statement in which he conceded his involvement in the robbery, it cannot reasonably be contended that the subject confession contributed to his conviction. Inasmuch as the admission of the defendant's confession to the police was, at worst, harmless error, I vote to affirm the judgment of conviction.