■ The People of the State of New York, Respondent, v Elias Barrientos Sirno, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Calabretta, J.), rendered June 29, 1987, convicting him of burglary in the second degree, attempted aggravated sexual abuse, and sexual abuse in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is modified, on the law, by reducing the conviction of sexual abuse in the first degree to sexual abuse in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for sentencing on that count; the facts have been considered and are determined to have been established.

Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we

find that it was not legally sufficient to support the defendant's conviction of sexual abuse in the first degree. The defendant's conviction of sexual abuse in the first degree is based upon his touching of the victim's breasts by forcible compulsion. In ascertaining whether there was forcible compulsion, it is the victim's perception that governs *(see, People v McKinley,* 124 AD2d 752). The victim, who had been sleeping, was aware that she was being touched, but believed the person who was touching her was one of her sisters who shares her bedroom. The victim told the defendant to leave her alone and he told her not to worry and to go back to sleep, which she did. Although a fight ensued after the victim became aware of her unknown assailant, the act of touching the victim's breasts was already completed without the defendant having to resort to any force. Therefore, since the defendant committed the act without the use of force or threat, he is not guilty of sexual abuse in the first degree *(see,* Penal Law §§ 130.65, 130.00 [8]; *People v Mendez,* 133 AD2d 351). The defendant is, however, guilty of sexual abuse in the third degree which only requires that the sexual contact occurred without the victim's consent *(see,* Penal Law § 130.55), and we modify accordingly.

The evidence was legally sufficient to establish the defendant's guilt of attempted aggravated sexual abuse beyond reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). The victim was awakened a second time from pain in her vagina. When she realized the defendant was trying to insert a cologne bottle into her vagina, she fought vigorously with the defendant. Throughout the struggle, the defendant held the cologne bottle in his hand. It was reasonable for the jury, considering the act and all the surrounding circumstances, to conclude that the defendant acted with the intent to insert the bottle *(see, People v Bracey,* 41 NY2d 296, 301). While the defendant argues that the cologne bottle was not within sufficient proximity to the victim's vagina to prove attempted aggravated sexual assault, we find that the mere fortuity that the complainant was able to fight with the defendant so as to avoid closer contact is not a legitimate defense.

With respect to the defendant's contention that he made inculpatory statements because he neither understood nor waived his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436), we note that the defendant was able to converse in English with his victim, a police officer and a detective. He

asked in English to see his *Miranda* rights in Spanish, and wrote a "yes" response after each enumerated statement detailing his rights in Spanish. Prior to reading the card enumerating his *Miranda* rights, the detective told the defendant that if he had any questions regarding the rights he was about to read, he should ask the detective who would try to explain it to him. The defendant had no questions. Although the Spanish *Miranda* card did not contain the question "Do you understand?", we find that the defendant was sufficiently advised of his rights.

It is not necessary that the police mouth " ' "a ritualistic formula" ' " so long as the words used convey the substance of the *Miranda* rights with all the requisite information *(People v Jordan,* 110 AD2d 855). To constitute an effective waiver, it is not necessary that a defendant comprehend the import of the *Miranda* warnings in the abstract, so long as he is able to understand the immediate meaning of the warnings *(see, People v Williams,* 62 NY2d 285; *People v Acuna,* 145 AD2d 427). There exists no mandated language for the police to use in order to elicit a waiver *(see, People v Delgado,* 118 AD2d 580). The defendant demonstrated a sufficient command of the English language to ask questions if he did not understand his rights. Since the detective told the defendant that if he had any questions concerning his *Miranda* rights he should ask them, and the defendant had no questions, but spoke freely with the detective as to his version of his encounter with the victim, it is clear, under the totality of the circumstances, that he waived his *Miranda* rights *(see, People v Baez,* 79 AD2d 608).

Finally, any issue of law with respect to the defendant's contention regarding the court's failure to instruct the jury with respect to a purported intoxication defense is unpreserved for appellate review *(see,* CPL 470.05 [2]), and is, in any event, without merit *(see, People v Eleby,* 137 AD2d 708; *People v Cintron,* 74 AD2d 457). Eiber, Kooper, and Sullivan, JJ., concur.

Bracken, J. P., concurs insofar as defendant's conviction of sexual abuse in the first degree is set aside, but otherwise dissents and votes to reverse the judgment appealed from, on the law and the facts, to grant that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities, and to order a new trial on the remaining counts of the indictment, with the following memorandum, in which Lawrence, J., concurs. After his arrest, the defendant was interrogated by a police officer and, in response

to this custodial interrogation, made an inculpatory statement which was later used against him at the trial. The commencement of this interrogation was not preceded by an express waiver by the defendant of his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436). Furthermore, there is not a single circumstance which can be identified as a basis upon which to conclude that, prior to the commencement of this interrogation, the defendant had made an "implied" rather than an express waiver. In affirming the defendant's conviction, the majority now implicitly overrules several previous decisions of this court *(see, People v Moore,* 96 AD2d 1044, 1045; *People v Campbell,* 81 AD2d 300; *People v Vigliotti,* 75 AD2d 859; *People v Schroder,* 71 AD2d 907) and holds that evidence of a custodial statement made by a defendant who understood his *Miranda* rights may be admitted at trial even in the absence of proof that the defendant impliedly or expressly waived those rights prior to the commencement of interrogation.

The majority concludes, and I agree, that the evidence in the record of the pretrial *Huntley* hearing supports the conclusion that the defendant understood his *Miranda* rights. However, whether the defendant waived his *Miranda* rights prior to the commencement of the interrogation is a different question. Arguably, the mere fact that the defendant willingly answered certain questions which tended to incriminate him, even though he understood that he had the right to refuse to do so, is itself proof of a waiver. However, this court has previously held that such a "waiver", which follows rather than precedes the commencement of interrogation, is ineffective *(see, People v Moore, supra,* at 1045; *People v Campbell, supra; People v Vigliotti, supra; People v Schroder, supra),* and no valid waiver has been proved where the evidence showed nothing more than that the defendant answered incriminating questions after having expressed an understanding of his rights, either because he had never been asked, prior to interrogation, whether he was willing to speak with the interrogating officer *(People v Moore, supra; People v Campbell, supra)* or because he was asked, but did not respond *(People v Schroder, supra).*

I recognize that a waiver may be proved by reference to the defendant's conduct, and that a waiver need not be express *(see, North Carolina v Butler,* 441 US 369). In the *Butler* case, the defendant refused to sign a written waiver, but did state that he was willing to talk to the police *(North Carolina v Butler, supra,* at 371). In several cases, this court has upheld implied waivers where, prior to making any express waiver, a

defendant who understood his *Miranda* rights made statements which were essentially spontaneous *(see, e.g., People v Montero,* 118 AD2d 811; *People v Bretts,* 111 AD2d 864; *see also, People v Harris,* 115 AD2d 619). There are also cases in which a defendant's familiarity with the criminal justice system is considered as a factor in finding an implied waiver *(see, e.g., People v Davis,* 55 NY2d 731, *affg* 79 AD2d 547; *People v Pino,* 116 AD2d 601; *People v Moore,* 114 AD2d 595; *People v Rooney,* 82 AD2d 840; *People v Harris,* 79 AD2d 615; *People v Norris,* 75 AD2d 650, 652). These cases are distinguishable because the present defendant apparently had no previous significant involvement with the law.

In this instance, there exist no additional circumstances surrounding the defendant's interrogation from which a waiver may be inferred *(see, People v Campbell, supra,* at 306). To hold that the defendant's willing response to the detective's interrogation was, in light of the defendant's full understanding of his *Miranda* rights, itself adequate proof of a waiver is to hold, in effect, that the police need not obtain a waiver prior to commencement of interrogation. This is contrary to our holding in the *Moore, Campbell, Vigliotti* and *Schroder* cases, and is contrary to the holding of the United States Supreme Court in the *Miranda* case itself *(supra).* Therefore, I conclude that the People failed to meet their burden of proving that the defendant's custodial statements were preceded by a waiver of his *Miranda* rights *(cf., People v Morton,* 116 AD2d 925), and his statements should have been suppressed.