■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CAREY, Appellant.—Judgment unanimously affirmed. Memorandum: While in custody, defendant was given the *Miranda* warnings. When asked if he was willing to answer questions, defendant did not respond. He continued to remain silent as the investigating officer asked further questions. Several minutes later and in response to questioning, defendant denied that he set fire to his mother's trailer or that he called his brother, and he then asked to speak with an attorney.

The court erred in refusing to suppress the statements made by defendant in response to questioning *(see, People v Ferro,* 63 NY2d 316, 322, *cert denied* 472 US 1007; *People v Breland,* 145 AD2d 639, 640-641, *lv denied* 73 NY2d 1011) and in admitting at trial testimony that defendant initially remained silent when warned of his rights *(see, People v Conyers,* 49 NY2d 174, *vacated* 449 US 809, *initial decision adhered to on remand* 52 NY2d 454; *People v Von Werne,* 41 NY2d 584; *People v Larsen,* 145 AD2d 976). Proof of defendant's guilt, however, was overwhelming. The evidence revealed that volatile liquids were used in setting the fire. Shortly before the fire, defendant threatened to kill his mother and he told his brother that the trailer was going to burn. He was the last person seen in the trailer before the fire and, just before the fire was discovered, he was seen in the area of the trailer. Under the circumstances, the errors were harmless as there was no reasonable possibility that they contributed to defendant's conviction *(see, People v Crimmins,* 36 NY2d 230, 237).

We also conclude that the court did not err in admitting the testimony of defendant's mother that, shortly before the fire, defendant threatened to kill her. Evidence of a prior bad act may be admitted where, as here, it is relevant on the issue of intent *(see, People v Molineux,* 168 NY 264, 293; *People v Roides,* 124 AD2d 967, *lv denied* 69 NY2d 886). (Appeal from judgment of Niagara County Court, DiFlorio, J.—arson, third degree.) Present—Dillon, P. J., Callahan, Denman, Balio and Lawton, JJ.