■ The People of the State of New York, Respondent, v Carlos Munoz, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Balbach, J.), rendered May 17, 1985, convicting him of criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Pitaro, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a

new trial is ordered. No questions of fact have been raised or considered.

The record supports the hearing court's determination that the defendant knowingly and voluntarily waived his right to counsel prior to making the statements he made to the arresting officer *(see, People v Sirno,* 151 AD2d 621; *People v Harris,* 115 AD2d 619). Thus, the defendant's contention that the statements should have been suppressed because they were obtained in violation of his right to counsel is without merit.

Reversal is compelled, however, because the Trial Judge erred in refusing to require the People to disclose the data analysis form prepared by the Assistant District Attorney on duty on the night of the defendant's arrest to the defendant pursuant to *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866). That form contained a statement clearly attributable to the prosecution's main witness. It was neither the duplicative equivalent of statements which had been previously disclosed nor the work product of the prosecutor *(see, People v Consolazio,* 40 NY2d 446, 453-454; *People v Pringle,* 154 AD2d 410; *cf., People v Mills,* 142 AD2d 653). Thus, the Assistant District Attorney should have provided it to the defendant, and his failure to do so constitutes reversible error *(see, People v Jones,* 70 NY2d 547).

In light of the above analysis we need not reach the remaining contention raised by the defendant. Brown, J. P., Rubin, Eiber and Rosenblatt, JJ., concur.