■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ULISSES CUBILLA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered July 21, 1989, convicting him of robbery in the first degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and physical evidence.

Ordered that the judgment is reversed, on the law, and a new suppression hearing and trial are ordered.

We reject the defendant's contention that identification testimony should have been suppressed because the showup identification procedure was unduly suggestive *(see, People v Duuvon,* 77 NY2d 541). However, we find that a reversal of the defendant's conviction is required because the court erred in denying his request pursuant to *People v Rosario* (9 NY2d 286, *cert denied* 368 US 866) for disclosure of a "Data Analysis Form" (hereinafter DAF) prepared by the prosecution.

At the suppression hearing, the defense counsel requested that the People turn over the DAF, along with certain other documents alleged to constitute *Rosario* material. The court examined the documents and determined that they fell within the work product exemption to the *Rosario* rule and need not be disclosed. We conclude that this ruling was error with respect to the DAF, since it did not consist merely of factual details of the crime but contained statements attributable to prosecution witnesses, including the arresting officer who testified at the suppression hearing *(see, e.g., People v Munoz,*

161 AD2d 807; *People v Rayford,* 158 AD2d 482; *People v Nelu,* 157 AD2d 864; *cf., People v Adger,* 75 NY2d 723). A de novo suppression hearing, as well as a new trial, are required, since the document should have been turned over during the suppression hearing *(see, People v Malinsky,* 15 NY2d 86; *People v Pizzali,* 159 AD2d 652; *People v Rayford, supra).*

In view of our determination, we do not reach the defendant's remaining contention. Mangano, P. J., Rosenblatt, Lawrence and O'Brien, JJ., concur.