■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GRIFFIN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weissman, J.), rendered May 30, 1991, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

It is well established that the question of whether a defendant has effectively waived the *Miranda* rights must be determined on " 'the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused' " *(North Carolina v Butler,* 441 US 369, 374-375, quoting from *Johnson v Zerbst,* 304 US 458, 464; *People v Giano,* 143 AD2d 1040, 1041). Here, the uncontradicted testimony of a police detective established that the defendant had made an informed decision to speak, when he told the officer "in essence" that he understood his rights, and that he was willing to talk without a lawyer present because he had done nothing wrong *(see, People v Giano, supra; People v Montero,* 118 AD2d 811; *People v Harris,* 115 AD2d 619; *People v Rooney,* 82 AD2d 840; *People v Norris,* 75 AD2d 650). Moreover, in addition to the defendant expressly indicating that he understood his rights and waived them, the defendant had an extensive history of arrests, and therefore may be presumed to have been familiar with his rights from his considerable previous exposure to the criminal justice system *(see, People v Harris, supra; People v Norris, supra).* The hearing court's finding of a knowing and intelligent waiver is therefore fully supported by the record and is entitled to "due deference" by this Court *(People v Prochilo,* 41 NY2d 759; *see, People v Hernandez,* 135 AD2d 732; *People v Armstead,* 98 AD2d 726).

There is no merit to the defendant's contention that the hearing court should have inquired into the possibility that he had been too intoxicated to have the intent to commit burglary in the second degree. This recent claim of a nonjurisdictional defect is not preserved for appellate review, because at no time did the defendant seek to withdraw his guilty plea or

vacate the judgment on this ground *(see, People v Pellegrino,* 60 NY2d 636; *People v Coluccio,* 170 AD2d 523). Indeed, the defendant himself never told the court that he had been intoxicated at the time of the crime *(cf., People v Quiles,* 72 AD2d 610). In any event, the defendant gave a detailed recitation of the circumstances of the crime, including the fact that he had pushed his way into the victim's house with the "intent" to "steal" his money—which adequately made out all of the elements of attempted burglary in the second degree *(see, People v Betheny,* 147 AD2d 488). Mangano, P. J., Sullivan, O'Brien, Ritter and Pizzuto, JJ., concur.