■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD CARRINGTON, Appellant. [623 NYS2d 595] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered December 2, 1991, convicting him of burglary in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We reject the defendant's contention that criminal facilitation in the fourth degree is a lesser-included offense of burglary in the first degree where the defendant was charged as an accomplice. The phrase "acting in concert" is not an essential element of the crime charged but rather " 'concerns the theory of the case as presented to the Grand Jury' " (People v Hernandez, 135 AD2d 732, 733). Accordingly, a comparative examination of the statutes defining criminal facilitation in the fourth degree and burglary in the first degree demonstrates that it is theoretically possible to commit the greater crime without at the same time committing the lesser (see, People v Glover, 57 NY2d 61, 64).

Finally, the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Mangano, P. J., Bracken, Altman and Goldstein, JJ., concur.