■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STEWART, Appellant.—Appeal from a judgment of the Supreme Court, New York County, rendered June 2, 1978, convicting defendant of burglary in the third degree and petit larceny, for which he was sentenced to concurrent prison terms of 0 to 5 years and 1 year, respectively, is unanimously held in abeyance and the matter is remanded for a hearing on defendant's motion to suppress *(People v McNeil,* 55 AD2d 573).* Defendant was arrested on the run, allegedly escaping from a second-story burglary during which the victim had awakened and given chase. Defendant was found in possession of fruits of the crime, presenting strong circumstantial evidence of his involvement, which was considerably at variance with his alibi at trial. For example, in addition to the victim's suede jacket and a credit card, defendant was also carrying victim's camera, the lens cap to which was found at the base of the fire escape down which the surprised intruder had beaten his hasty retreat. While in police custody en route back to the victim's apartment building and the precinct headquarters, defendant made a number of inculpatory statements, placing him at the scene of the crime. After admitting that he had entered the apartment through an open front door, defendant then changed his story and acknowledged the truth of the victim's assertion that he had entered from the fire escape through the kitchen window. His motive was stated to be the need for money for his pregnant wife. Officer Crudo testified that he advised defendant of his rights immediately after arrest, thus cloaking with legality all statements thereafter made to the police. However, neither the victim nor Crudo's fellow arresting officer, both of whom were supposedly present at the time, could corroborate this advisement. This issue could very well have been resolved at a *Huntley* hearing, but for some reason the court below denied defendant's timely motion for a hearing on this question of suppression of these oral statements. This meant that questions surrounding the voluntariness of these statements, including defendant's mental state at the time of arrest, could not be answered, let alone addressed, at trial. While the issue of voluntariness of defendant's admissions would not have been a proper subject for charge to the jury, defendant having failed to explore this issue at trial *(People v Cefaro,* 23 NY2d 283), the record before us does not support summary denial of the suppression motion. In the absence of the record on that motion, we have no alternative but to remand for a *Huntley* hearing (CPL 710.60, subd 4; cf. 710.60, subd 3). We have examined defendant's other contentions on this appeal and find them to be without merit. Concur—Birns, J. P., Fein, Sullivan, Lupiano and Lynch, JJ.