■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL BAEZ, also known as RAFAEL RIVERA, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 16, 1978, convicting him of criminal sale of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree and crimininal possession of a controlled substance in the fifth degree, upon a jury vedict, and imposing sentences. The appeal brings up for review the denial, after a hearing, of the defendant's motion to suppress certain statements. Judgment modified, on the law, by reversing the convictions of criminal possession of a controlled substance in the third and fifth degrees and the sentences imposed thereon, and the counts charging those offenses are dismissed. As so modified, judgment affirmed. The defendant was indicted for selling heroin to an

undercover officer on February 12, 1976. It was allleged that he had acted in concert with one Jose Cintron. The defendant was not arrested until some two months after the sale. At the precinct, he was informed of the charges against him and was asked to provide certain pedigree information. Thereafter, while still at the station house, the defendant was approached by the undercover officer to whom he had allegedly sold the narcotics. Apparently recognizing the officer and realizing that he had sold drugs to a policeman, the defendant exclaimed, "You got me." Thereafter, and for the first time, the defendant was advised of his constitutional *(Miranda)* rights in Spanish. According to the undercover officer's testimony at the *Huntley* hearing, the defendant stated that he understood his rights. No testimony was elicited at the hearing, however, as to whether the defendant was ever asked to expressly waive his right to counsel. After he had administered the constitutional warnings, the undercover officer asked the defendant whether he would cooperate with the police and act as an informant against his supplier. The defendant responded by admitting that he and Cintron had sold the heroin to the officer. He claimed, however, that he was unable to obtain more of the drug. On the question of whether he would act as an informant, the defendant did not foreclose that possibility but asked to speak with an attorney. The conversation between the defendant and the undercover officer thereupon came to an end. On this appeal, the defendant contends that his statements to the police should have been suppressed. We disagree. The hearing court found that the defendant's statement, "You got me", was spontaneous and not made in response to police interrogation. Since the record supports that conclusion, the statement was properly ruled admissible. (See, e.g., *People v Kaye*, 25 NY2d 139.) As to the later admission relating to the sale itself, the question of whether the defendant had first waived his constitutional rights must be determined upon an examination of the totality of the circumstances (see *Fare v Michael C.*, 442 US 707), and the absence of an express waiver of the right to counsel is not necessarily determinative. (See *North Carolina v Butler*, 441 US 369; cf. *People v Schroder*, 71 AD2d 907.) In the case at bar, not only did the defendant acknowledge an understanding of his constitutional rights and speak freely with the officer immediately thereafter, but when he determined that an attorney would be helpful to him, he had no hesitancy in requesting one. On this record, therefore, under the totality of the circumstances, the hearing court did not err in holding that the defendant had waived his constitutional rights prior to his statement to the undercover officer. (Cf. *United States v Boston*, 508 F2d 1171, cert den 421 US 1001.) The judgment, however, must be modified since, under the facts of this case, criminal possession of a controlled substance in the third and fifth degrees were lesser inclusory concurrent offenses of criminal sale of a controlled substance in the second degree (see CPL 300.40, subd 3, par [b]; *People v Grier*, 37 NY2d 847). We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Lazer, Cohalan and Margett, JJ., concur.