■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMBROSE ROONEY, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Hickman, J.), rendered March 3, 1980, convicting him of criminal possession of a controlled substance in the fifth degree, upon his guilty plea, and imposing sentence. This appeal brings up for review the denial, after a hearing, of defendant's motion to suppress an oral statement made by him and certain items of personal property. Judgment affirmed. On November 1, 1978, at about 4:45 P.M., Detective Robert Nolan, a 10-year veteran of the Mt. Vernon Police Department, received a telephone call from one of his informants that a person whom the informant identified by specifics of height, clothing and neck chains with a medallion was then selling heroin at a named location in Mt. Vernon. Shortly thereafter, the defendant, who answered the description, was arrested by Nolan and two other officers at the place indicated by the informant. He was given his *Miranda* warnings and was asked if he understood them. He nodded affirmatively. In due course he pleaded guilty. Now on appeal he urges: (1) That he never waived his rights when given his *Miranda* warnings; and (2) There was no probable cause for the arrest and search because the two-pronged test of *Aguilar v Texas* (378 US 108) was not met. On this point, Nolan testified that the informant's prior tips had led to other arrests and convictions in a number of cases. It is also significant that the informant accurately described the defendant and where he could be found and that Nolan observed the defendant involved in what appeared to be the criminal activities described by the informant. This satisfied the two-pronged test of reliability of the informant and reliability of his information. In

*People v Castro* (29 NY2d 324, 326-327), a case with a fact pattern quite similar to the one at bar, it was remarked that: "In sum, then, an informant of demonstrated past reliability reported his actual observation of the present possession of a narcotic, at a specific location, by an individual for whom he furnished a description so accurate as to enable the officer to make immediate identification, some 30 minutes later, upon encountering defendant at the location where he was reportedly to be found." The question of whether defendant waived his rights must be determined upon an examination of the totality of the circumstances (cf. *People v Baez,* 79 AD2d 608; *Fare v Michael C.,* 442 US 707). The absence of an express waiver of the right to counsel is not necessarily determinative (cf. *North Carolina v Butler,* 441 US 369; *People v Schroder,* 71 AD2d 907). There is no dispute that when given his rights under *Miranda,* defendant nodded his head affirmatively. This, coupled with the fact that he had at least one previous felonious brush with the law, is a reliable indication that he knew what he was doing. We have considered the other points raised by the defendant and find them to be without merit. Hopkins, J.P., Titone, Lazer and Cohalan, JJ., concur.