■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MacKAY, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Dwyer, J.), rendered May 9, 1980, convicting him of sodomy in the first degree and burglary in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's pretrial motion which sought suppression of his statement and the identification testimony of the complainant. Judgment affirmed. That branch of defendant's pretrial motion which sought suppression of his written statement was premised upon the failure to provide counsel during the custodial interrogation in accordance with the mandate of *Miranda v Arizona* (384 US 436) and upon the physical beatings allegedly delivered by the police to induce him to sign the statement. The People have had no opportunity to counter defendant's assertions, advanced for the first time on appeal, that due to his intoxicated state he lacked the competence to make a valid waiver of his *Miranda* rights, that the police recitation of the evidence against him vitiated his ability to make a voluntary waiver, and that the police questioning was in derogation of his manifested exercise of his right to remain silent. Defendant was required to raise the grounds for suppression before the hearing court if he intended to base his appeal from its decision on such grounds. Since he failed to do so, these issues have not been preserved for appellate review (see *People v Kinchen,* 60 NY2d 772; *People v Martin,* 50 NY2d 1029; *People v Tutt,* 38 NY2d 1011). Nor are we inclined to consider these issues in the exercise of our discretion in the interest of justice inasmuch as his conviction after trial was based upon legally sufficient evidence wholly apart from defendant's inculpatory statement (see *People v Jones,* 81 AD2d 22, 44; cf. CPL 470.15, subd 3, par [c]). With respect to the pretrial identification of defendant by the complainant, although it appears that the circumstances of the initial showup at the scene of the crime rendered it so unnecessarily suggestive as to be violative of due process, in light of the other evidence of defendant's guilt, the admission of the complainant's testimony about the showup was harmless error (see *People v Crimmins,* 36 NY2d 230). Further, there was a sufficient independent basis for the in-court identification (see *Manson v Braithwaite,* 432 US 98, 114). We also find that the complainant's in-court identification was not tainted by her attendance at defendant's arraignment inasmuch as " 'the due process clause is violated only where the identification is the result of improper conduct by law enforcement officials' " (see *People v Marshall,* 91 AD2d 643, 644, quoting from *People v Ramos,* 52 AD2d 640, 644 [dissenting opn of Margett, J.], affd 42 NY2d 834). In the matter before us, the complainant did not attend the arraignment at the suggestion of any law enforcement official. We have examined defendant's remaining contentions and have found them to be without merit. Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.