■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVADOR BENITEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered March 24, 1983, convicting him of manslaughter in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement authorities.

Ordered that the judgment is affirmed.

That branch of the defendant's omnibus motion which was to suppress statements was properly denied since it appears from the record of the *Huntley* hearing, which consists solely of the uncontradicted testimony of the People's witnesses, that the defendant's initial statement was not prompted by interrogation or its functional equivalent, and his subsequent statements were made after he made a knowing and voluntary waiver of his *Miranda* rights *(see, People v Williams,* 62 NY2d 285; *People v Rykaczewski,* 121 AD2d 409; *People v Gloskey,* 105 AD2d 871; *People v Baez,* 79 AD2d 608).

The fact that approximately 14 hours had elapsed from the time of the defendant's arrest until his final statements does not require a finding that his statements were coerced where, as here, he was not subject to continuous interrogation and was permitted to eat and sleep when he was not being questioned *(cf., People v Anderson,* 42 NY2d 35; *People v Jackson,* 41 NY2d 146). Niehoff, J. P., Lawrence, Weinstein and Sullivan, JJ., concur.