■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered March 6, 1985, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant, who was incarcerated on unrelated charges, was positively identified from a photographic array by a witness to the robbery. Thereafter, the police obtained an ex parte order to secure the defendant's presence at a lineup. The defendant, for the first time on appeal, challenges the validity of that order because the People failed to notify him of their pending application. He claims that he was denied his right to due process and that his conviction must be reversed.

While we agree that the defendant was entitled to notice of the People's application for the order (see, Matter of Abe A., 56 NY2d 288, 296; Matter of Pidgeon v Rubin, 80 AD2d 568; Matter of Santucci, 117 Misc 2d 500), he never raised this issue as a ground for suppression at the hearing and thereby failed to preserve it for appellate review (see, People v MacKay, 98 AD2d 732). Moreover, on February 7, 1984, the police notified the attorney who represented the defendant on the unrelated charges that the order would be executed on February 9, giving the attorney sufficient time to challenge its validity if he so desired. On February 9, 1984, both the defendant and his attorney freely and fully participated in the lineup procedure.

We have reviewed the defendant's argument that he received ineffective assistance of counsel and find that the trial court properly denied his application for the assignment of new counsel (see, People v Medina, 44 NY2d 199). Furthermore, the record reveals that the performance of counsel during the hearing provided the defendant meaningful representation (see, People v Benn, 68 NY2d 941; People v Baldi, 54 NY2d 137). Mollen, P. J., Brown, Rubin and Spatt, JJ., concur.