▬ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO GIANO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered April 4, 1985, convicting him of murder in the second degree (three counts), robbery in the first degree and burglary in the first degree, upon a jury verdict, and sentencing him to an indeterminate term of 25 years' to life imprisonment for murder in the second degree under the first count of the

indictment, to run consecutively to two consecutive indeterminate terms of 8⅓ to 25 years' imprisonment for robbery in the first degree and burglary in the first degree, respectively, to run concurrently to two indeterminate terms of 25 years' to life imprisonment for murder in the second degree under the third and fifth counts of the indictment. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is modified, on the law and the facts, by reversing the defendant's conviction of murder in the second degree, under the first count of the indictment (intentional murder), vacating the sentence imposed thereon, and dismissing that count of the indictment, and by deleting the provision thereof requiring that certain terms of imprisonment run consecutively to each other and substituting therefor a provision requiring all terms of imprisonment to run concurrently to each other; as so modified, the judgment is affirmed.

On appeal the defendant challenges the admission into evidence of certain statements which he made to the police on the date of his arrest. He contends that these statements were elicited before he waived his *Miranda* rights *(see, Miranda v Arizona,* 384 US 436). The defendant further suggests that any waiver of his constitutional rights would have been invalid since his right to counsel had previously attached by virtue of his representation by counsel in a pending criminal proceeding.

In *North Carolina v Butler* (441 US 369), the United States Supreme Court recognized that an express statement is not indispensable to a finding of waiver of the constitutional rights guaranteed by the *Miranda* case *(supra).* Rather, "the question of waiver must be determined on 'the particular facts and circumstances surrounding [the] case, including the background, experience, and conduct of the accused' " *(North Carolina v Butler, supra,* at 374-375, quoting from *Johnson v Zerbst,* 304 US 458, 464). Facts which demonstrate that a suspect fully understood his rights and that he was making an informed decision to speak will, generally, suffice to establish an implied waiver *(see, People v Harris,* 115 AD2d 619; *People v Rooney,* 82 AD2d 840; *People v Norris,* 75 AD2d 650).

The defendant in the instant case was advised of his constitutional rights. He indicated, unequivocally, that he understood these rights "because he had been arrested before". This concession, coupled with his prior experience with the crimi-

nal justice system, sufficiently demonstrated that the defendant was cognizant of the fact that he could elect to refrain from speaking. His ultimate decision to provide the police with statements, therefore, constituted an implied waiver of his constitutional rights. Accordingly, it was not error to admit the statements into evidence. A review of the record also supports the hearing court's conclusion that the defendant was not represented by counsel in any pending criminal proceeding. Thus, it cannot be said that his waiver of rights, in the absence of counsel, was invalid.

However, we agree with the defendant's assertion that the evidence adduced at trial was insufficient to establish that he intended to kill the victim. Accordingly, the defendant's conviction of intentional murder must be reversed and the sentence imposed thereon vacated. Nevertheless, because the People sufficiently established that the defendant intended to rob the victim and that she was killed during the course of the commission of the robbery, the defendant's conviction for two counts of felony murder need not be disturbed.

We further find that the sentences imposed on all of the crimes for which the defendant was convicted should run concurrently.

We have examined the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Lawrence and Eiber, JJ., concur.