■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN EARL BURKETT, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered October 29, 1987, convicting him of burglary in the second degree (three counts), grand larceny in the fourth degree, criminal possession of stolen property in the fifth degree (two counts), criminal mischief in the fourth degree (three counts), criminal possession of burglar's tools and petit larceny, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The hearing court's finding that the defendant voluntarily made statements to the police after knowingly waiving his rights is amply supported by the record. The defendant's right to counsel did not attach prior to the filing of the felony complaint. The delay in the filing of the accusatory instrument was not undue as it was occasioned first by legitimate prearraignment duties of the police in investigating the burglaries for which the defendant had been arrested and second, the necessity of awaiting the availability of a Judge with the opening of court the next morning. The delay was not deliberate, was not designed to elicit further information, and did not deprive the defendant of his right to counsel *(see, People v Blake,* 35 NY2d 331; *People v Wilson,* 56 NY2d 692). Furthermore, the defendant, who was not a newcomer to the criminal justice system, was given *Miranda* warnings and/or reminded

of his constitutional rights before each of the three police interviews when inculpatory statements were made *(see, People v Giano,* 143 AD2d 1040). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.