■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN STEWART, Appellant.—Judgment, Supreme Court, New York County (Richard Denzer, J., at trial and sentence; Den-

nis Edwards, Jr., at suppression hearing), rendered June 2, 1978, convicting defendant, upon a jury verdict, of burglary in the third degree (Penal Law § 140.20) and petit larceny (Penal Law § 155.25), and sentencing him to concurrent prison terms of 0 to 5 years and one year, respectively, unanimously affirmed.

Previously, this court ordered that the appeal be held in abeyance and remanded for a *Huntley* hearing. *(People v Stewart,* 74 AD2d 516.) A hearing was held before Justice Dennis Edwards, Jr. resulting in a finding that defendant had been fully advised of his *Miranda* rights and that his waiver of those rights was voluntary, knowing and intelligent.

A review of the record supports the hearing court's determination that defendant's postarrest statements were admissible at trial. *(See, People v Morton,* 116 AD2d 925, 926, *lv denied* 67 NY2d 887.) Defendant's claim that he did not expressly waive his right to counsel and to remain silent is not preserved for appellate review *(People v Allen,* 147 AD2d 968), and a review in the interests of justice is unwarranted as no express waiver of such rights is required. *(People v Davis,* 55 NY2d 731, 733.)

We find no merit to defendant's claim that that court's reasonable doubt charge deprived him of a fair trial. In view of the fact that the proper standard of proof was conveyed to the jury in various portions of the court's charge, a reversal of defendant's conviction is not warranted. *(People v Jones,* 148 AD2d 547, 549; *People v Cavallerio,* 71 AD2d 338.)

Defendant renews the claim of prosecutorial misconduct on summation, initially raised in his principal brief on appeal. These claims have already been decided on the merits and no new ground has been raised to warrant reconsideration. *(See, Matter of Dondi v Jones,* 40 NY2d 8, 15.)

The remaining claim of the defendant is not preserved for appellate review. Were we to consider it, we would nonetheless affirm, finding it to be without merit. Concur—Kupferman, J. P., Milonas, Kassal, Wallach and Rubin, JJ.