■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO RIVAS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Heller, J.), rendered July 5, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in ruling that the prosecutor could cross-examine him with respect to the underlying facts of a 1986 youthful offender adjudication for robbery *(see, People v Vidal,* 26 NY2d 249), and elicit the fact that in 1986, the defendant was convicted of attempted petit larceny, a misdemeanor *(see, People v Sandoval,* 34 NY2d 371). Both events reflected on the defendant's credibility and his willingness to place his interests above those of society *(see, People v Boseman,* 161 AD2d 601; *People v Williams,* 108 AD2d 767). Moreover, the similarity between the prior crimes and the crimes charged did not require their preclusion, as a defendant who specializes in one particular type of crime is not shielded from cross-examination thereon *(see, People v Hamilton,* 171 AD2d 882; *see also, People v Pavao,* 59 NY2d 282; *People v Boseman, supra).*

Additionally, the defendant's claim that the statement he made to the police was involuntary is unpreserved for appellate review *(see, People v Jacquin,* 71 NY2d 825; *People v Stewart,* 159 AD2d 247; *People v Smith,* 134 AD2d 465; *People v MacKay,* 98 AD2d 732), and, in any event, lacks merit. Immediately after the defendant indicated to the arresting

officer that he understood his *Miranda* rights, the officer asked the defendant if he was willing to answer questions regarding the crime for which he was arrested. The defendant responded affirmatively and without further inquiry by the officer the defendant told him that he was at the scene of the crime, but that he did not commit it *(see, People v Giano,* 143 AD2d 1040; *People v Baez,* 79 AD2d 608). Moreover, the defendant had previous experience with the arrest process and the law enforcement system *(see, People v Giano, supra; People v Davis,* 55 NY2d 731; *People v Mikel,* 152 AD2d 603; *People v Rooney,* 82 AD2d 840). Therefore, under the totality of the circumstances *(see, People v Sirno,* 151 AD2d 621, *affd* 76 NY2d 967; *People v Rooney, supra; People v Baez, supra),* he manifested a waiver of his rights *(see, People v Davis, supra; People v Mikel, supra; People v Giano, supra)* and the court properly determined that his statement was voluntary and admissible.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review and, in any event, without merit. Kunzeman, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.