■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES E. MOORE, JR., Appellant. [595 NYS2d 148] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress the oral and written statements he made to the police. Contrary to defendant's contention, defendant's indelible right to counsel did not attach when the felony complaint was prepared and stored for safekeeping in the police booking office. The criminal action did not commence until the felony complaint was filed in the criminal court the morning after defendant gave his oral and written statement. We agree with the determination of the hearing court that, under all of the circumstances, defendant's

statement was voluntary. Defendant did not invoke his right to remain silent but only asked for time to consider whether he would give a written statement. The court was warranted in rejecting the opinion of defendant's expert that defendant did not understand his *Miranda* rights. Defendant's previous experience with the police and the criminal justice system and his testimony at the suppression hearing demonstrated that he was aware of his right to remain silent when questioned by the police.

There is no merit to defendant's argument that the court erred in submitting the second count of the indictment to the jury because, contrary to the allegations of the bill of particulars, it charged defendant with accessorial liability. The second count of the indictment does not charge defendant with aiding others in shooting the victim, but alleges that defendant shot and killed the victim assisted by others. Similarly, the court instructed the jury that it could find defendant guilty under the second count if the jury found that defendant intentionally caused the death of the victim by shooting him while aided by others. Further, although defendant did object to the court's refusal to dismiss the second count of the indictment, he did not object to the court's charge on that count. We conclude that the court properly declined to dismiss the second count, and any deviation in the court's instruction on the second count from the theory alleged in the indictment and bill of particulars has not been preserved for our review. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.