■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL STROTHER, Appellant. [652 NYS2d 56] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Berry, J.), rendered January 20, 1993, convicting him of robbery in the first degree and robbery in the second degree, upon

a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his right to counsel because at the time he was questioned by the police, a police detective had prepared a felony complaint which was placed in a file cabinet along with his investigation report. However, the felony complaint had not been issued by the County Court. Therefore, the criminal action had not commenced, and the defendant, whose right to counsel did not indelibly attach, could waive his rights without the presence of an attorney. It is the filing and not the filling out of the felony complaint which commences the prosecution for purposes of the attachment of the defendant's right to counsel (*People v Lane*, 64 NY2d 1047, 1048; *People v Wright*, 228 AD2d 709; *People v Reid*, 136 AD2d 578, *cert denied* 486 US 1035). Since the defendant, who was not a newcomer to the criminal justice system, was given *Miranda* warnings prior to the interview, and did not invoke his right to remain silent or to have an attorney present, his statements were voluntarily made (*see, People v Burkett*, 157 AD2d 792, 793; *People v Moore*, 191 AD2d 1020, 1021; *see also, People v Giano*, 143 AD2d 1040, 1041).

The defendant's sentence was not excessive (*see, People v Suitte*, 90 AD2d 80, 84).

The defendant's remaining contentions are without merit or do not require reversal. Miller, J. P., Sullivan, Altman and Goldstein, JJ., concur.