(June 10, 1982)

■ The People of the State of New York, Respondent, v Richard W. Zimmer, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered August 22, 1978, upon a verdict convicting defendant of two counts of the crime of rape in the first degree and two counts of coercion in the first degree. Defendant was charged in an indictment with two counts of rape in the first degree, two counts of coercion in the first degree and one count of statutory rape. He was found not guilty of statutory rape but guilty of all other charges. As a second felony offender, he was sentenced to two indeterminate terms of 10 to 20 years on the rape counts and two indeterminate terms of three to six years on the coercion counts. The four sentences were to run consecutively for a total minimum of 26 years and a total maximum of 52 years. This appeal ensued and defendant raises three issues urging reversal. He maintains that the People failed to establish all the necessary elements of first degree rape; that the court erred in refusing to charge second degree coercion as a lesser included offense; and that the sentence was excessive and illegal. The two female victims, ages 14 and 17, testified that on September 23, 1977, they were hitchhiking and about 11:00 P.M. were picked up by defendant. He drove them to a remote area in the town of Chenango and ordered them to remove their clothes. Both girls further testified to the acts of intercourse and other acts charged. They also testified that they offered no resistance because they thought defendant had a gun and would kill them. Defendant admitted that he had sexual intercourse with the girls; that he pretended he had a gun; and that the girls believed he had a gun. While the indictment charged rape by physical force, and there was no proof of physical force, there was ample evidence to sustain the verdict since there was evidence that the forcible compulsion used by defendant to commit the rapes consisted of express and implied threats which placed the victims in fear of immediate death or serious physical injury. Any variance, in our view, was harmless since, on this record, defendant was not misled, surprised or prejudiced in any substantial way. In fact, he has made no claim of prejudice by the variance. We also reject defendant's contention that the court erred in refusing to charge second degree coercion as a lesser included offense. While there is disagreement between the parties as to whether the request was directed to the rape charges or the first degree coercion charge, we are of the view that in either case the court properly denied the request. In light of all the facts and circumstances surrounding the commission of the crimes, there was no reasonable view of the evidence which would support a finding that defendant committed the lesser offense but not the greater (*People v Discala,* 45 NY2d 38; *People v Greer,* 42 NY2d 170). Passing to the final issue, it is clear that the sentence exceeds the permissible limit allowed under the law. The aggregate maximum of the sentences could not legally exceed 30 years and the minimum shall not exceed one half of the aggregate maximum as so reduced (Penal Law, § 70.30, subd 1, pars [b], [c]).

Thus, the sentence is illegal and must be reduced. Judgment modified, on the law, by vacating defendant's sentence and remitting the matter to the County Court of Broome County for resentencing, and, as so modified, affirmed. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.