murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. On September 20, 1982, this court remitted the case to Criminal Term to hear and report with respect to the warrantless arrest of defendant in his home on February 14, 1973 (see *Payton v New York*, 445 US 573; *United States v Johnson*, 457 US 537), and the appeal has been held in abeyance in the interim (*People v Maerling*, 89 AD2d 1001). Criminal Term has now complied. Judgment affirmed. The evidence adduced at the hearing, where credibility was the crucial factor, supports the conclusion of the hearing court that the police entered defendant's home on February 14, 1973 with the consent of defendant's wife. Therefore, the arrest of defendant following the consensual entry was valid and the statement made by the defendant, after being advised of his *Miranda* rights, was properly held to be admissible. We have considered defendant's other contentions and find them to be without merit. Mollen, P. J., Lazer, Thompson and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE MOORE, Appellant. — Appeal by defendant, as limited by his motion, from two sentences of the County Court, Nassau County (Santagata, J.), both imposed May 21, 1982, upon his convictions, on indictment number 52978/81 of rape in the first degree, and on indictment number 53809/81, of assault in the second degree, upon his pleas of guilty, the sentences being consecutive indeterminate terms of imprisonment of 8⅓ to 25 years and 2⅓ to 7 years, respectively. Sentences affirmed. The sentences imposed, consecutive indeterminate terms of 8⅓ to 25 years upon defendant's conviction of rape in the first degree and 2⅓ to 7 years upon defendant's conviction of assault in the second degree, were not excessive. Moreover, the sentences were not illegal by reason of section 70.30 (subd 1, par [c]) of the Penal Law. Under that paragraph, the aggregate maximum term of consecutive sentences imposed for two or more crimes, one of which was a class B felony, shall, if it exceeds 30 years, be deemed to be 30 years. Thus, since one of the sentences imposed herein was for rape in the first degree, a class B felony (see Penal Law, § 130.35), the aggregate maximum term of the consecutive sentences, 32 years, must be deemed to be 30 years. However, the fact that the aggregate maximum term may have exceeded 30 years does not require modification or vacatur of the underlying sentences. "The limits * * * provided [in § 70.30] do not affect the number of the lengths of the consecutive sentences that may be imposed by the courts: they merely serve as directions for calculating the aggregate length of those sentences" (Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 70.30, p 251). Thus, it is our view that the statute only governs the manner in which the defendant's maximum release date shall be calculated. In this regard we do not adopt the Third Department's view that consecutive indeterminate sentences with aggregate maximum terms exceeding the statutory limits are illegal (*People v Zimmer*, 88 AD2d 1031). Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.