OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The People concede that defendant’s written and oral statements were taken in violation of defendant’s right to counsel as thereafter declared in People v Samuels (49 NY2d 218). The question before us is whether their introduction at trial can be regarded as “harmless beyond a reasonable doubt” (People v Almestica, 42 NY2d 222, 226; People v Crimmins, 36 NY2d 230, 242).
The evidence is overwhelming that defendant’s killing of his brother-in-law, Santos Cruz, was intentional and not in self-defense. The fight between Cruz and defendant which resulted in Cruz’ death was unwitnessed. Defendant’s self-defense plea rather than the introduction of the statements was, therefore, the motivation for defendant’s taking the stand. His testimony was largely confirmatory of the written statement, defendant did not deny that he had caused *768 Cruz’ death, defendant had made statements to others which, if believed, confirmed his predetermined intention to do so, including one to the witness Megelre that defendant had told her he came to Rochester from Puerto Rico to kill Cruz. Although the veracity of that witness was put in issue, the presence of three separate stab wounds, one of which was eight inches deep, and all of which were in Cruz’ back though defendant claimed that Cruz came at him face to face with a stick, are confirmatory of a criminal rather than justifiable use of defendant’s knife.
Against a less overwhelming array of evidence inconsistent with defendant’s claim of self-defense, the introduction of his oral statement, including its statement of guilt and lack of remorse, might not be deemed harmless (People v Schaeffer, 56 NY2d 448). Here, however, there are not only the factors above set forth, but defendant’s statement to his sister following the fight that he had killed her husband, and his furtive conduct, including the direction to a neighbor as he was leaving his sister’s house after the fight: “Don’t call the police” and his statement to a friend, without any mention of self-defense, that he had fought with Cruz and stabbed him.
On the entire record we can reach no other conclusion than that there is no reasonable possibility that the erroneously admitted statements contributed to defendant’s conviction (cf. People v Sanders, 56 NY2d 51).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed in a memorandum.