■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID McCHESNEY, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered January 6, 1989, upon a verdict convicting defendant of the crime of sexual abuse in the first degree.

The primary question presented on this appeal is whether, in the absence of a proper objection to the charge or a request to charge otherwise, it was reversible error for County Court to charge that the jury could find forcible compulsion by physical force or threats, express or implied, of physical injury. We conclude that the alleged error was not preserved for appellate review. In any event, based on the facts of this case, County Court did not err in its instructions in this regard. The judgment of conviction should be affirmed.

Defendant was indicted July 14, 1988 in a three-count indictment charging sodomy in the first degree, sexual abuse in the first degree and unlawful imprisonment in the second degree. After a trial at which defendant represented himself, *pro se,* but did not testify, a jury found him guilty of sexual abuse in the first degree and unlawful imprisonment in the second degree. The unlawful imprisonment verdict was set aside by County Court pursuant to defendant's CPL 330.30 (1) motion. Defendant was sentenced as a second violent felony offender pursuant to Penal Law § 70.04 to 3½ to 7 years' imprisonment to be served consecutively to any unfinished term he was then serving. This appeal ensued.

In the instant case defendant made no requests to charge the jury concerning forcible compulsion, nor did defendant raise any objection to County Court's instructions before the case was submitted to the jury. Defendant thereby failed to preserve this issue for our review *(see, People v Udzinski,* 146 AD2d 245, *lv denied* 74 NY2d 853). Defendant did object to the prosecutor's opening statement reference to forcible compul-

sion by threats, asserting that the bill of particulars "states that the crime was based on physical force that compelled". The objection was overruled. However, this objection alone was not sufficient to preserve the adequacy of the charge for review (see, supra).

In any event, the language of the bill of particulars encompassed both theories of forcible compulsion: physical force and threats (express and implied) of physical injury (see, People v Grega, 72 NY2d 489; People v Rugg, 141 AD2d 925, lv denied 72 NY2d 924). The description of defendant's acts in the bill of particulars, including the phrase "yelled at her not to struggle, grabbed and squeezed her face", indicated that threatening conduct in both verbal and physical forms would be a part of the People's proof. The victim testified that she was frightened by defendant's verbal threats and behavior and the "meanness" he exhibited. The indictment, as amplified by the bill of particulars, indicates that defendant was not deprived of fair notice, misled, surprised or prejudiced in any substantial way and, furthermore, the evidence presented at trial did not vary from the allegations of the indictment as amplified by the bill of particulars. Thus, no harm resulted to defendant by virtue of County Court's charge on forcible compulsion (see, People v Zimmer, 88 AD2d 1031). Moreover, the jury charge on forcible compulsion under these circumstances was correct (see, People v Grega, 72 NY2d 489, supra; People v Rugg, 141 AD2d 925, supra).

Defendant also contends that the jury's verdict was against the weight of the credible evidence. We have reviewed the record and find this contention without merit.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.