■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE BROWN, Appellant. [663 NYS2d 880] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered July 5, 1995, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly denied the defendant's motion to

suppress his first, second, and third statements to law enforcement authorities. After the defendant invoked his right to counsel prior to giving his first statement, he was allowed to speak privately over the telephone with an attorney. When the defendant finished his conversation, the attorney spoke with the police. The attorney indicated that the defendant would answer questions without counsel present. Under these circumstances, the defendant's waiver of his right to counsel was effective (*see, People v Beam*, 57 NY2d 241, 254; *People v Yut Wai Tom*, 53 NY2d 44, 53-54; *People v Drelich*, 123 AD2d 441, 444).

The hearing court should have suppressed the fourth statement because it was given without an attorney present after the felony complaint was filed and the arrest warrant was issued (*see, People v Samuels*, 49 NY2d 218, 221; *People v Settles*, 46 NY2d 154, 166). However, because the substantive content of this statement was duplicative of the other statements made by the defendant, this error was harmless (*see, People v Kern*, 75 NY2d 638, 659, *cert denied* 498 US 824; *People v Drelich, supra*). Ritter, J. P., Copertino, Florio and Luciano, JJ., concur.