■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADAM BENJAMIN, Appellant. [685 NYS2d 92] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered March 14, 1996, convicting him of sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant argues that the People did not meet their

burden of establishing that the police officers' warrantless entry into his home was made with his consent or justified by exigent circumstances (*see, Payton v New York,* 445 US 573; *People v Levan,* 62 NY2d 139, 142). Assuming, arguendo, that this argument has merit, the record supports the hearing court's finding that the defendant's videotaped statement was sufficiently attenuated from his arrest (*see, People v Conyers,* 68 NY2d 982), and therefore that branch of his motion which was to suppress this statement was properly denied.

Although the defendant's written statement to the police was not sufficiently attenuated from his arrest (*see, People v Harris,* 77 NY2d 434, 440-441), the admission of this statement at trial was harmless beyond a reasonable doubt (*see, People v Flecha,* 60 NY2d 766; *People v Sanders,* 56 NY2d 51, 66-67). The content of the defendant's written statement, which was largely exculpatory (*see, People v Modeste,* 247 AD2d 491), was duplicative of his more detailed videotaped statement, which was properly introduced into evidence (*see, People v Brown,* 244 AD2d 347, 348; *People v Nisbett,* 225 AD2d 801). Accordingly, there is no reasonable possibility that the jury would have acquitted the defendant if his written statement had not been introduced at trial (*see, People v Flecha, supra*). O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.