■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO SMITH, Appellant. [838 NYS2d 915]—Appeal by the defendant from a resentence of the County Court, Suffolk County (Gazzillo, J.), imposed June 5, 2006, upon his conviction of criminal sale of a controlled substance in the second degree, upon his plea of guilty.

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered October 21, 2003, convicting him of rape in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statement to a law enforcement officer.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in failing to suppress a statement made by him to the police. However, the admission of the defendant's statement at trial was harmless beyond a reasonable doubt, as it was largely exculpatory, and was duplicative of his earlier statements to police, which were properly introduced into evidence (*see People v Benjamin*, 257 AD2d 660, 661 [1999]). Further, considering that the defendant's testimony was more inculpatory than the statement at issue, there is no reasonable possibility that the jury would have acquitted the defendant if his statement had not been introduced at trial (*see People v Benjamin, supra; People v Curtis*, 218 AD2d 667 [1995]).

The defendant's contention that the People improperly

changed their theory of prosecution from that set out in the indictment and bill of particulars, and that the County Court's instructions to the jury regarding the crime of rape in the third degree improperly supported this change, is preserved for appellate review (*see* CPL 470.05 [2]). However, the claim is without merit. The evidence presented by the People at trial did not vary from the allegations of the indictment as amplified by the bill of particulars, and the defendant therefore was not "deprived of fair notice," of what the People would attempt to prove (*People v McChesney*, 160 AD2d 1045, 1046 [1990]). Further, the language of the indictment and the bill of particulars encompassed the court's charge on rape in the third degree, and thus the charge was not erroneous (*see People v McChesney, supra*). Miller, J.P., Mastro, Lifson and Carni, JJ., concur.