Rose, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 26, 2011, upon a verdict convicting defendant of the crime of conspiracy in the second degree.
*1232 While defendant was in jail facing criminal possession of a weapon charges in connection with a shooting, his brother and fellow gang member, Trevor Mattis, shot and killed the principal witness against defendant.* Defendant was then charged with conspiracy in the second degree for orchestrating the murder. A jury convicted him and he was sentenced as a prior violent felony offender to a prison term of I2V2 to 25 years. He now appeals.
Defendant’s general motion to dismiss at the close of the People’s direct case was insufficient to preserve his claim that the evidence was legally insufficient to support the verdict (see People v Hawkins, 11 NY3d 484, 493 [2008]; People v Harvey, 96 AD3d 1098, 1100 n [2012], lv denied 20 NY3d 933 [2012]). Nevertheless, we will evaluate the evidence in light of the elements of the crime as part of our weight of the evidence review (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Newkirk, 75 AD3d 853, 855 [2010], lv denied 16 NY3d 834 [2011]). In conducting a weight of the evidence review where, as here, a different verdict would not have been unreasonable, “we ‘must, like the trier of fact below, weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony’ ” (People v McCoy, 89 AD3d 1218, 1221 [2011], lv denied 18 NY3d 960 [2012], quoting People v Romero, 7 NY3d 633, 643 [2006]).
In order to support the conviction of conspiracy in the second degree, the People were required to prove that defendant, acting with intent that conduct constituting a class A felony (here, murder) be performed, agreed with one or more persons to engage in or cause the performance of such conduct, and that one of the coconspirators committed an overt act in furtherance of the conspiracy (see Penal Law §§ 105.15, 105.20; People v Washington, 8 NY3d 565, 570 [2007]; People v Caban, 5 NY3d 143, 149 [2005]). The evidence at trial established that, while in jail, defendant was indicted in connection with a shooting and learned that the victim had appeared before the grand jury as a witness against him. Two coconspirators testified for the People that defendant and the other coconspirators were all members of the same faction of the Bloods gang. Recorded phone calls between defendant and his coconspirators revealed defendant’s repeated instructions to the coconspirators to locate the victim in order to prevent him from testifying at trial. While defendant and his coconspirators were aware that the phone calls from jail *1233 were recorded and at times spoke in code, an expert in local gangs testified that the language they used indicated that they planned to assault or kill the victim. Subsequent developments clarified their intention.
One of the coconspirators confronted the victim’s father by brandishing a box cutter and threatening to “go through” the victim’s entire family in an effort to find him. When the coconspirators learned that the victim had been located, they swiftly assembled and drove to his location, where Mattis was given a gun by a coconspirator. The other coconspirators then waited in the car while Mattis engaged the victim in conversation, shot him twice, including a fatal shot to the back of his head, and then returned to the car. They all then fled the scene. When defendant heard of the shooting later that same day during phone calls, he warned one of the coconspirators to “see no evil, hear no evil” and “don’t even talk” if questioned. In our view, the reasonable inferences to be drawn from this evidence provide ample support for the jury’s conclusion that defendant conspired to murder the victim in order to prevent him from testifying and thus was guilty of conspiracy in the second degree (see People v McCoy, 89 AD3d at 1221-1222; People v Booker, 53 AD3d 697, 703-704 [2008], lv denied 11 NY3d 853 [2008]).
We also find no abuse of discretion in County Court’s determination that the probative value of the evidence concerning defendant’s gang affiliation and the history, organization and operations of the gang outweighed its prejudice, inasmuch as it provided necessary context and background to explain the relationships of the coconspirators, their use of code and their motive and intent (see People v Johnson, 106 AD3d 1272, 1274 [2013], lv denied 21 NY3d 1043 [2013]; People v Tatro, 53 AD3d 781, 784-785 [2008], lv denied 11 NY3d 835 [2008]; People v Williams, 28 AD3d 1005, 1008 [2006], lv denied 7 NY3d 819 [2006]). Moreover, County Court provided appropriate limiting instructions each time the evidence was introduced, until defendant requested that no further instructions be given on the subject (see People v Reid, 97 AD3d 1037, 1038 [2012], lv denied 19 NY3d 1104 [2012]; People v Collazo, 45 AD3d 899, 901 [2007], lv denied 9 NY3d 1032 [2008]; People v Faccio, 33 AD3d 1041, 1042 [2006], lv denied 8 NY3d 845 [2007]).
Defendant’s pro se contention that County Court erred in instructing the jury that the conspiracy charge required evidence that defendant conspired to commit murder in the second degree, as opposed to murder in the first degree as charged in the indictment, is not preserved for our review, inasmuch as defendant did not object to the charge as given (see CPL 470.05 *1234 [2]; People v Houck, 101 AD3d 1239, 1240 [2012]; People v Williams, 28 AD3d at 1009; People v Udzinski, 146 AD2d 245, 252 [1989], lv denied 74 NY2d 853 [1989]). In any event, any error was harmless as the charge did not change the theory of the prosecution and defendant’s pro se submissions do not identify any surprise or resulting prejudice (see People v Grega, 72 NY2d 489, 497 [1988]; People v McChesney, 160 AD2d 1045, 1046 [1990]; People v Zimmer, 88 AD2d 1031, 1031 [1982]).
Finally, although defendant’s parents were both deceased by the time he was 13 years of age and he was only 18 when he orchestrated the execution of the victim, he has a violent criminal history and, given the heinous nature of this crime, we discern no abuse of discretion or extraordinary circumstances warranting a reduction of the sentence (see People v Tatro, 53 AD3d at 787; People v Williams, 28 AD3d at 1011). Defendant’s remaining contentions have been considered and determined to be without merit.
Peters, EJ., Stein and McCarthy, JJ., concur.
Ordered that the judgment is affirmed.

 Mattis was convicted of, among other things, murder in the first degree and conspiracy in the second degree and this Court affirmed his conviction (People v Mattis, 108 AD3d 872, 876 [2013], lv denied 22 NY3d 957 [2013]).